DA 16-0412

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 178N

IN RE THE MARRIAGE OF:

DELYNN ARNESON AXELBERG,

Petitioner and Appellant,

And

TRACY A. AXELBERG,

Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DR-11-357
                Honorable David M. Ortley and Honorable Robert B. Allison,
                Presiding Judges

COUNSEL OF RECORD:

            For Appellant:

                Delynn Arneson Axelberg, self-represented, Kalispell, Montana

            For Appellee:

                Tracy A. Axelberg, self-represented, Missoula, Montana

                                Submitted on Briefs:  May 31, 2017

                                        Decided:  July 18, 2017

Filed:

_____
                Clerk

FILED

07/18/2017

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0412

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Delynn Arneson Axelberg (Delynn) appeals from the orders entered by the District Court[1] addressing post-decree concerns between her and Tracy Allan Axelberg (Tracy) in this dissolution proceeding. We affirmed the District Court's findings of fact, conclusions of law, and decree in *In re Marriage of Axelberg*, 2015 MT 110, 378 Mont. 528, 347 P.3d 1225. The parties were married in September 1998, separated in February 2010, and their marriage was dissolved by decree in May 2014. They have two minor children, A.M.A. and A.Z.A.

¶3 As summarized by the District Court, "Delynn and Tracy have engaged in an ongoing dispute over the distribution of the marital assets awarded to Delynn under the Decree and issues related to the Final Parenting Plan." Motions were filed regarding issues related to property and the parenting plan, and for contempt. The District Court conducted a status conference regarding pending issues in May 2015. Tracy appeared at the conference; no appearance was made by or on behalf of Delynn.[2] A hearing to address the

---

[1] Hon. Judge David M. Ortley presided over this matter through the entry of the order appointing the receiver. Thereafter, Hon. Robert B. Allison presided.

[2] Both parties appear *pro se*; both are licensed attorneys.

2

motions was set and, at Delynn's request, continued to a later date. Finally, on November 16, 2015, the parties appeared to address the motions. At the hearing, Delynn asked for another continuance, indicating she was ill and unable to properly argue her position. The District Court stated it would proceed, but would entertain additional arguments from Delynn if she wished to submit them later. Delynn stayed and offered evidence and argument during the hearing. The District Court found that "Delynn and Tracy have impeded distribution of the marital estate and violated provisions of their parenting plan," and noted there was hostility and an "increasingly antagonistic" tone between the parties. At the hearing, the District Court raised the possibility of appointing a receiver to oversee the distribution of the marital estate, to which the parties offered generally positive feedback. After giving the parties additional time to submit written argument, the District Court appointed a receiver and tasked him with distributing the marital estate. The District Court also entered orders regarding distribution of asset proceeds, reimbursement of childcare expenses, and contempt. The District Court denied a motion by Delynn for a new trial.

¶4     On appeal, Delynn challenges the District Court's denial of her request for a continuance, its orders regarding the marital estate and parenting plan, including the appointment of a receiver, and the denial of her motion for a new trial. Delynn frames her issues and arguments as violations of due process. While we recognize procedural concerns can rise to a constitutional level and require plenary review, district courts generally have discretion to control the proceedings before them. *See In re J.S.W.*, 2013

3

MT 34, ¶ 20, 369 Mont. 12, 303 P.3d 741; *State v. Couture*, 2010 MT 201, ¶ 78, 357 Mont. 398, 240 P.3d 987. We believe the District Court's rulings here fall within its discretionary authority and are reviewed for abuse of discretion. *Steer, Inc. v. Dept. of Revenue*, 245 Mont. 470, 475, 803 P.2d 601, 603-04 (1990). "A district court commits an abuse of discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *Martin v. BNSF Ry. Co.*, 2015 MT 167, ¶ 10, 379 Mont. 423, 352 P.3d 598 (citation omitted).

¶5 Delynn argues the District Court dismissed her motions "without a fair and meaningful hearing based on form rather than purpose" and erred by denying the continuance she had requested "due to medical incapacity, requiring her to proceed to defend issues impacting the final distribution of the marital estate." The District Court granted Delynn's initial request to reschedule the hearing, in part to accommodate her medical condition, as well as her desire to obtain legal counsel and have additional time to prepare for the hearing. The District Court then conducted the hearing at the time it was rescheduled, but stated it was dismissing Delynn's motions without prejudice and granted her additional time to renew the motions and to file additional briefing. We conclude the District Court did not abuse its discretion and ensured that Delynn was not unfairly prejudiced by the manner in which it conducted the proceeding.

¶6 Delynn argues the District Court erred by retroactively modifying child support and expense contributions "without a hearing and contrary to the best interests of the children." We conclude the record does not support this assertion. Delynn claimed she was entitled

4

to a reimbursement of all childcare costs from 2011 onward. In its order, the District Court considered Delynn's claim and partially granted it, grounding the decision on (1) the terms of the Final Parenting Plan allocating the childcare and maintenance costs; (2) the childcare cost evidence presented by Delynn; and (3) the fact that Delynn and Tracy had previously "settled post-separation debts for childcare and maintenance expenses through February 2012." After consideration, the District Court held Delynn was entitled to reimbursement for costs incurred from March 1, 2012 to March 10, 2016, the date of her petition. We conclude the District Court did not abuse its discretion.

¶7 Delynn argues the District Court erred by appointing a receiver "without an application or hearing to determine the necessity of such appointment" and violated §§ 27-20-102 and -201, MCA. Section 27-20-102(5), MCA, authorizes a district court to appoint a receiver "after judgment, to carry the judgment into effect." Here, the District Court concluded the parties had impeded the distribution of the martial estate, necessitating the appointment of a receiver to implement the provisions of the decree. While Delynn now distances herself from the positive responses she made at the hearing, the situation was appropriate for a receiver, and the District Court did not err in raising the issue during the hearing, obtaining the parties' responses, and ultimately appointing a receiver.

¶8 Lastly, Delynn argues the District Court erred by denying her motion for a new trial pursuant to M. R. Civ. P. 59(e). The District Court reasoned:

> [Delynn's petition] is not properly brought pursuant to Rule 59 . . . as the Order being challenged was not the result of either a jury or non-jury trial nor is it a judgment. . . . The post decree motions dealt with in the April 14, 2016 Order invoked the Court's continuing jurisdiction over modification

and enforcement of the decree of dissolution. Because the Court retains jurisdiction over this matter, the April 14, 2016 Order is an interlocutory Order.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court did not abuse its discretion, and its interpretation and application of the law were correct.

¶10 Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT